# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

RUTH HALL, )
)
    Plaintiff, )
)
v. )
) C.A. No. N21C-06-066 MMJ
CASINO AT DELAWARE PARK, )
William Rickman, Dave Foraker, Cynthia )
Carroll, and Vivian Miller, Individually, )
)
    Defendants. )
)
)
)
)
)
)
)

Submitted: September 15, 2021
Decided: November 17, 2021

Upon Defendant's Motion to Dismiss
**GRANTED**

## OPINION

Ruth Hall, *Pro Se*

Thomas J. Gerard, Esq., Marshall Dennehey Warner Colemen & Goggin, Wilmington, Delaware, *Attorneys for Defendant*

**JOHNSTON, J.**

1

## FACTUAL AND PROCEDURAL CONTEXT

Plaintiff Ruth Hall ("Hall") brings this action *pro se*. Defendants are Casino at Delaware Park ("Casino"), William Rickman, Dave Foraker, Cynthia Carroll, and Vivian Miller, individually. Hall asserts multiple claims and raises issues not cognizable under Delaware law.

The Complaint alleges that this is an "Affidavit Backed Debt Collection Action/Claim"[1] "as the court SUMMONS specifically direct... to avoid adverse consequence."[2]

Hall asserts claims and causes of action based on statements such as:

(1) "BY LAW, the JUDGE(S) of the COURT(S) 'CAN'T' REJECT RECUSAL REQUESTS"[3];
(2) "By Law – Jurors are not bound by instruction given by the Judge"[4];
(3) "Affidavit Backed Claim Enforcement Actions"[5];
(4) "There is no Jurisdiction for Judge(s) of the Supreme Court(s) of Delaware to grant a HEARING of the Defense of DEFENDANT(S)/RESPONDENT(S)."[6]

Hall alludes to an alleged oral agreement with the Defendants' agent, Cynthia Carroll ("Carroll"), regarding compensation for injury. Plaintiff states that Carroll made an oral offer of a preference to settle this claim off the record.

---

[1] Complaint at 6.
[2] Summary Judgement Request at 3.
[3] Notice Prothonotary Enforced Default Judgement at 9.
[4] Statement for the PUB REC, at 6.
[5] Reply To Defendants' Motion to Dismiss at 6.
[6] Statement for the PUBLIC RECORD, at 9.

The case is in substance a personal injury action. Hall alleges that an incident occurred at Delaware Park Casino on May 19, 2019. Hall purportedly sustained an injury to her lap and knee due to the malfunction of a casino gaming machine. On May 30, 2019, Defendant Vivian Miller ("Miller"), a claims adjuster, sent an email to Hall on behalf of Delaware Racing Association and Delaware Management Company, LLC. The email provided notice of the expiration of the statute of limitations. Miller also advised Plaintiff that her claim was being denied as a result of failing to provide requested information in connection with the claims investigation process.

### *Procedural History*

Plaintiff filed suit on June 9, 2021. Plaintiff alludes to claims for (1) personal injury and (2) breach of contract. On July 14, 2021, Defendants moved to dismiss the complaint based upon expiration of the statute of limitations and failure to state a claim upon which relief can be granted. On August 6, 2021, Plaintiff filed her Reply to Defendant's Motion to Dismiss and moved for Summary Judgment.

## ANALYSIS

### *Motion to Dismiss Standard*

In a Rule 12(b)(6) Motion to Dismiss, the Court must determine whether the claimant "may recover under any reasonably conceivable set of circumstances

3

susceptible of proof."[7]  The Court must accept as true all well-pleaded allegations.[8] Every reasonable factual inference will be drawn in the non-moving party's favor.[9] If the claimant may recover under that standard of review, the Court must deny the Motion to Dismiss.[10]

### *Statute of Limitations*

Section 8119 of Title 10 of the Delaware Code provides, in pertinent part, that "[n]o action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of 2 years from the date upon which it is claimed that such alleged injuries were sustained...."  Hall alleges she suffered personal injury on May 19, 2019.  Therefore, this action is subject to the Section 8119 two-year statute of limitations.  The statute of limitations terminated on May 19, 2021.  Plaintiff filed this case on June 9, 2021—after expiration of the two-year statutory period.

In Delaware, the "time of discovery rule" tolls the statute of limitations if the plaintiff suffers an inherently unknowable injury and the plaintiff is blamelessly ignorant.[11]  The Court finds that Plaintiff was on actual notice of the alleged injury on the date the incident occurred.

---

[7] *Spence v. Funk*, 396 A.2d 967, 968 (Del.1978).
[8] *Id.*
[9] *Wilmington Sav. Fund. Soc'y, F.S.B. v. Anderson*, 2009 WL 597268, at *2 (Del. Super.) (citing *Doe v. Cahill*, 884 A.2d 451, 458 (Del.).
[10] *Spence*, 396 A.2d at 968.
[11] *Clark v. Delaware Psychiatric Ctr.*, 2011 WL 3762038, at *1 (Del. Super.).

4

Therefore, Defendants' Motion to Dismiss must be granted. The case was not timely filed.

### *Oral Agreement*

Plaintiff also essentially argues there was a breach of an oral agreement. Plaintiff appears to claim that the parties reached a settlement agreement regarding her injury. Plaintiff alleges that Defendants' agent, Cynthia Carroll, made an oral offer of a preference to settle off the record. Plaintiff asserts that the alleged settlement is a legally-binding oral agreement. Plaintiff relies on *Sarissa Capital Domestic Fund Lp v. Innoviva, Inc*,[12] for the general preposition that an oral agreement is binding under Delaware law.

In order to establish the existence of an oral agreement, Plaintiff must prove each of the essential elements to a contract:

> (1) a promise on the part of one party to act or refrain from acting in a given way; (2) offered to another, in a manner in which a reasonable observer would conclude the first party intended to be bound by acceptance, in exchange for; (3) some consideration flowing to the first party or to another, (4) which is unconditionally accepted by the second party in the terms of the offer, which may include (a) a verbal act of acceptance; and (b) performance of the sought after act.[13]

---

[12] 2017 WL 6209597, at *21 (Del. Ch.).
[13] *McCloskey v. McCloskey*, 2014 WL 1824712, at *8 (Del. Ch.).

5

A promise is "a manifestation of intention to act ... in a specific way so made as to justify ... [an] understanding that a commitment has been made."[14] The material terms also must be clear for a court to enforce the agreement.[15]

The Court finds that Plaintiff has not properly alleged a manifestation of intention to settle by Defendants that conveys an understanding that a commitment has been made. Plaintiff has not alleged consideration between the parties. Thus, Plaintiff has not clearly asserted the terms of the alleged agreement. The Court finds that Plaintiff has failed to state a claim that an oral agreement exists. Therefore, Defendant's Motion to Dismiss must be granted pursuant to Rule 12(b)(6).

### *Unauthorized Practice of Law*

This Court may dismiss claims by parties that are "represented" by someone engaged in the unauthorized practice of law.[16] The unauthorized practice of law occurs where someone not admitted to the Delaware Bar exercises legal judgment on a matter of Delaware law on behalf of another person.[17] A non-party lacks standing to file a lawsuit in a Delaware court.[18] A Power of Attorney does not

---

[14] *Id.*
[15] *Hughes v. Frank*, 1995 WL 632018, at *3 (Del. Ch.).
[16] *Townsend v. Integrated Mfg. and Assembly*, 77 A.3d 272, at *2 (Del. 2013).
[17] *Id.*
[18] *Id.*

6

permit an unlicensed non-party to bring claims on behalf of another. Powers of Attorney do not substitute for a license to practice law.

Plaintiff concedes that her nephew prepared the documents relevant to this litigation. Plaintiff claims her nephew is acting on her behalf as her "Limited Power of Attorney."

The Court finds that this case should also be dismissed on the alternative basis that Plaintiff's nephew, Chancz Prowess, is engaging in the unauthorized practice of law.

## CONCLUSION

The Court finds that this action was filed untimely. The statute of limitations for personal injury actions had expired.

The Court finds that Plaintiff has failed to properly state a claim that an oral agreement exists. Plaintiff has not clearly alleged the material terms of the alleged agreement.

The Court further finds that Chancz Prowess is engaging in the unauthorized practice of law by preparing documents filed in this Court.

**THEREFORE**, Defendant's Motion to Dismiss is hereby **GRANTED**.

**ANY FUTURE CLAIMS BROUGHT UTILIZING THE ASSISTANCE OF CHANCZ PROWESS, ON BEHALF OF PLAINTIFF, WILL BE SUMMARILY DISMISSED ON THE GROUNDS THAT CHANCZ**

7

**PROWESS IS ENGAGING IN THE UNAUTHORIZED PRACTICE OF LAW.**

IT IS SO ORDERED.

_____
The Honorable Mary M. Johnston

8